# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
April 18, 2006 Session

## STATE OF TENNESSEE v. CLAUDE THOMAS DAVIS

**Appeal from the Criminal Court for Putnam County**
**No. 04-0354      Lillie Ann Sells, Judge**

_____

**No. M2005-02007-CCA-R3-CD - Filed March 7, 2007**

_____

JOSEPH M. TIPTON, P.J., concurring.

I concur in the majority's affirmance of the defendant's convictions. I write separately to express my disagreement with the majority's conclusion that the defendant's arrest was lawful. Under the evidence at the suppression hearing, I believe that the defendant was not subject to a warrantless arrest because he was no longer at the "scene of a traffic accident" as contemplated by Tennessee Code Annotated section 40-7-103(a)(6) and that he was not otherwise subject to arrest for a misdemeanor committed in the officer's presence or for a felony. See T.C.A. § 40-7-103(a)(1)-(3). I believe the defendant was at his home, where he was not subject to a warrantless arrest for misdemeanor driving under the influence. In this regard, I note that after the offense in this case, the law was changed to permit the warrantless arrest of an individual involved in an accident who has left the scene, provided the arrest takes place within four hours of the accident and the officer has probable cause to arrest the defendant for driving under the influence. See T.C.A. § 40-7-103(a)(10). I do not believe this provision can apply in this case.

Regardless of the apparent illegality of the arrest, though, I believe the record on appeal is inadequate for us to determine the extent to which the evidence, if any, at the trial was a product of the illegal arrest. The remedy for an illegal arrest is suppression of the evidence obtained as a result of the arrest. In the present case, we do not know to what extent, if at all, the prosecution obtained the defendant's conviction by reliance on post-arrest evidence because the defendant has failed to include a transcript of the trial in the record. The defendant, as the appellant, has a duty to place before this court a record that contains a complete account of the proceedings below which are relevant to the issues raised on appeal. Tenn. R. App. P. 24(b); State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). Without such a record, the defendant has failed to preserve the issue properly for review. Ballard, 855 S.W.2d at 561. Because we cannot tell from the record before us whether any evidence obtained pursuant to the defendant's illegal arrest was used against him at trial, that issue is beyond our review.

Moreover, in reviewing a record relative to search and seizure, we are entitled to consider the evidence submitted at trial as well as that submitted in the suppression hearing. See State v. Henning, 975 S.W.2d 290, 298-99 (Tenn. 1998). The failure to provide a transcript of the trial leaves us with an inadequate record to resolve the matter. Therefore, we should affirm the defendant's convictions.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE